**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JAIME LUEVANO,**

            **Petitioner,**

     v.                                     **CASE NO.  12-3256-RDR**

**B.H. OBAMA, et al.,**

            **Respondents.**

**O R D E R**

This action was filed pro se as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 by a prison inmate who is confined in Connally Unit, Kennedy, Texas.  The allegations in the petition are not easily understood.  However, it appears that Mr. Luevano sues President Obama and "Office of the Pardon Attorney" in connection with the denial of a Presidential pardon, Hillary Clinton for not confessing to unspecified harm, and "Texas Judges" without naming particular judges and making allegations against them.  Most of the claims in the body of the petition appear to be challenges to Mr. Luevano's conviction in the State of Texas.  He asks for "an order of transfer to the District of Columbia" and for this court to appoint counsel to get evidence to prove his innocence and entitlement to release.  For reasons that follow, the court finds that it lacks jurisdiction over petitioner's claims and the parties and dismisses the petition.

To the extent that petitioner may actually raise a legitimate

claim under § 2241, which is doubtful, this court is not shown to have jurisdiction over any such claims. Mr. Luevano is not confined within this judicial district and was not tried or convicted in this judicial district. This court is not shown to have jurisdiction to consider any claims regarding his custody.

If Mr. Luevano is attempting to raise claims that are not habeas in nature against the defendants/respondents, this court is not shown to have jurisdiction over any of the parties. None resides within this judicial district and none of the actions mentioned in the petition occurred here. Furthermore, Mr. Luevano is a three-strikes litigant who has 114 cases listed on the U.S. Party/Case Index, as well as filing sanctions imposed upon him in Texas courts. *See e.g., Leuvano v. Office of Inspector General*, No. SA-11CA-131-OG (WD Tex Feb. 28, 2011)(unpublished)(and cases cited therein). If he desires to raise claims that are not habeas in nature he must file a civil complaint in the appropriate jurisdiction and he is reminded that he is required to pay the filing fee of $350.00 up front.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motion to Proceed without Prepayment of Fees (Doc. 2) is denied as incomplete and due to the frivolous nature of this action, and that this action is dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED** that any appeal of this matter is certified as not taken in good faith for the reasons stated herein, and leave to appeal without fees is denied.

3

**IT IS SO ORDERED.**

**DATED:   This 10th day of January, 2013, at Topeka, Kansas.**

                                                                   <u>**s/RICHARD D. ROGERS**</u>
                                                                   **United States District Judge**